UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVAN FREEMAN,<br><br>   Petitioner,<br><br>  v.<br><br>THE PEOPLE,<br><br>   Respondent. | Case No. 2:18-CV-4823 DDP(SHK)<br><br>MEMORANDUM AND ORDER DENYING EXTENSION MOTION AND SUMMARILY DISMISSING ACTION |

On May 21, 2018,[1] "petitioner" Evan Freeman, who has not actually yet filed a petition in this Court, filed a document title "'Belated' Notice Of Motion For An Extension Of Time To File A Petition For Writ Of Habeas Corpus." Electronic Case Filing Number ("ECF No.") 1, Motion at 1. Petitioner is a California state prisoner, who indicates that his California state habeas petition was denied on May 10, 2017 by the California Supreme Court, and requests "60 additional days instead of the normal 30 days to allow him to finish handwriting, copying, and mailing of his petition. Id. at 3.

---

[1]  Pursuant to the prisoner "mailbox rule," "the court deems the petition constructively 'filed' on the date it is signed." Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); see Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988).

Though unclear, it appears that petitioner is seeking an enlargement of his time under the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations to file a federal habeas petition under 28 U.S.C. § 2254. The relief petitioner requests, however, cannot be granted.

Under the "case or controversy" requirement of Article III, Section 2 of the United States Constitution, federal courts may not issue advisory opinions. See Flast v. Cohen, 392 U.S. 83, 96, 88 S. Ct. 1942, 20 L. Ed. 2d 947 (1968). Because petitioner has not actually filed a federal habeas petition challenging his conviction or sentence, there is no case or controversy properly before this Court. This Court therefore lacks jurisdiction to grant a motion to extend petitioner's time to file a federal habeas petition or to otherwise decide the timeliness of some such potential future petition. See U.S. v. Leon, 203 F.3d 162, 164 (2d Cir. 2000) ("a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed"); McDade v. Warden, 2010 WL 4795377, at *1 (C.D. Cal. 2010) (no jurisdiction to decide timeliness or entitlement to equitable tolling in advance of filing of § 2254 petition); see also Calderon v. Ashmus, 523 U.S. 740, 746-49, 118 S. Ct. 1694, 140 L. Ed. 2d 970 (1998) (no "case or controversy" where prisoners sought declaratory relief to determine the time limits that would govern future habeas actions); U.S. v. Cook, 795 F.2d 987, 994 (Fed. Cir. 1986) (district court erred by tolling statute of limitations in advance of the filing of potentially untimely claims).

Petitioner should be aware that under United States Supreme Court Rule 13, a Petitioner has ninety days from entry of a final judgment in a state court's highest court, to file a petition for writ of certiorari with the United States Supreme Court. Under 28 U.S.C. § 2244(d)(1)(A), a petitioner's conviction becomes final after that 90 day time period and a federal habeas petition is timely if it is filed within one year after that date.

In this matter, if and when petitioner files a habeas petition in this Court, and if the timeliness of that petition is questioned, this Court can consider whether petitioner is entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) or to equitable tolling. But those are matters that cannot be decided at this juncture.

IT IS THEREFORE ORDERED that petitioner's motion for extension of time to file a habeas corpus petition is DENIED, and that Judgment be entered summarily dismissing this action without prejudice.

DATED: June 15, 2018

HON. DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

Presented by:

_____
SHASHI H. KEWALRAMANI
UNITED STATES MAGISTRATE JUDGE